# EXHIBIT A



## LEWIS & FIORE
ATTORNEYS AT LAW
225 BROADWAY
SUITE 3300
NEW YORK, N.Y. 10007
(212) 285-2290
FAX (212) 964-4506

DAVID L. LEWIS
CHARLES G. FIORE

November 16, 2005

Ms. Andrea Espinosa
Claim Examiner
Metropolitan Life Insurance Company
Group Life Claim
P.O. Box 3016
Utica, New York  13504

       RE:  **Insured:**  Arthur J. Johnson
             **Group No.:**  94772
             **Claim No.:**  20510001235

Dear Ms. Espinosa:

    We are the attorneys for Brenda V. Johnson regarding the above-captioned matter. We understand that this matter is currently being considered on appeal. Our client has advised us that you have agreed to not make payment to the other party at the conclusion of the appeal process, even if the decision is against our client. Obviously, it is important to our client that the funds remain on hand so that she can institute litigation, if necessary.

    Please confirm in writing that this is your position.

                          Very truly yours,

                          CHARLES G. FIORE

CGF/bf
cc: Brenda V. Johnson

September 27, 2005

To Whom It May Concern:

This letter is in regards to receipt of my husband's, Arthur James Johnson, life insurance benefits through MetLife Insurance. Arthur and I, Brenda Johnson, were married on September 13, 2003. From the time of our marriage, until the time of his death, we lived together. In December 2003, Arthur updated his benefits with his employer, Constellation Energy Group – BGE Home. At that time I was added to his medical, dental and life insurance benefits. It was his intent to ensure that I would receive any and all benefits as his current spouse, including death and life insurance benefits. As a condition of a divorce settlement dated September 23, 2002 from his previous spouse, Lillian Johnson, Arthur agreed to provide Lillian Johnson with $50,000 of term life insurance until such time he had satisfied his alimony payment obligations. It was never his intent that Lillian Johnson be named as the sole beneficiary or receive any insurance benefits beyond the agreed upon amount. In fact, he assured me that his benefits had been updated to reflect me as the primary beneficiary of all insurance benefits. I have included copies of supporting documents as verification and proof of these arrangements. If you have any questions concerning this matter, please fell free to contact me at 410-496-7750.

Sincerely,

Brenda Johnson



# Certificate of Marriage
## STATE OF MARYLAND

License Number 17660

I hereby certify that on this 13 day of September, 2003 at 12:00 o'clock at New Friendship Baptist Church Baltimore, MD in accordance with the license issued by the Clerk of the Circuit Court for BALTIMORE CITY COUNTY, I united in marriage the following individuals:

| | | | |
|---|---|---|---|
| Groom | ARTHUR JAMES JOHNSON | Age 50 | Birth State VA |
| Groom's Residence | 2813 GRANITE RD WOODSTOCK BALTO CO MD | Marital Status DIVORCED | |
| Bride | BRENDA V OWENS | Age 43 | Birth State MD |
| Bride's Residence | 2813 GRANITE RD WOODSTOCK BALTO CO MD | Marital Status SINGLE | |

Relationship of the parties NONE

Groom's S.S. No.

Bride's S.S. No.

Issue Date 04/17/2003

Signature of Authorized Official: Rev Jason N Cobb

Title and Office: Pastor

Address of Authorized Official: 10710 Reisterstown Rd Owings Mills, MD 21117

LICENSE VALID FROM 6:00 a.m. on April 19, 2003 to October 19, 2003.

## AFFIDAVIT

I, BRENDA JOHNSON, solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of the foregoing document is true and to the best of my knowledge, information and belief.

1. I am over the age of eighteen (18) years of age and a resident of the State of Maryland.

2. I executed and was authorized by Arthur James Johnson to be his beneficiary.

3. I am the wife of Arthur James Johnson and was caring for him and happily married to him at the time of his death.

4. I have knowledge that Arthur James Johnson was divorced and that his former wife was no longer his intended beneficiary by divorce decree or by the documents I signed succeeding her.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　BRENDA JOHNSON

SUBSCRIBED AND SWORN TO BEFORE ME THIS __7__ day of __November__, 2005.

STATE OF MARYLAND, CITY/COUNTY OF __Balt__, TO WIT:

I HEREBY CERTIFY THAT, on this __7__ day of __November__, 2005, before me, the subscriber, a Notary Public of the State of Maryland, in and for the City/County aforesaid, personally appeared Brenda Johnson, known to me, or satisfactorily proven to be the person who executed the aforegoing document, and he made oath in due form of law that the matters and facts set forth in said document are true and correct to the best of his information, knowledge and belief, and that said document is her act.

AS WITNESS, my hand and Notarial Seal.

_____
NOTARY PUBLIC

My Commission Expires: __11/1/05__

Brenda V. Johnson
2813 Granite Road W,
Woodstock, Maryland 21163


Metropolitan Life Insurance Company
Andrea Espinosa / Group Life Claims
P.O. Box 3016
Utica, NY 13504

October 24, 2005

**APPEAL**

RE: Insured: Arthur J. Johnson
   Group No: 94772
   Claim No: 20510001235


Dear Ms. Espinosa,

I am now appealing your decision to deny my claim for group life insurance benefits on my husband Arthur J. Johnson. This appeal is based on several facts supporting my claim, one of which you cited in your letter of denial dated 10/13/2005. You stated that the benefit plan was regulated by the "Employee Retirement Income Security Act of 1974. I am therefore bringing your attention to Supreme Court ruling "Boggs v. Boggs et al." 520 U.S. 833 (1997) and "Estate of Rowley v. Mac Innes"(copy attached). Both of these cases involved ERISA and I feel the rulings support my claim. I am asking that you take a look at these rulings and support ERISA's provisions and objectives.

My husband did file change of beneficiary papers with Baltimore Gas and Electric Company and although I have not been able to locate a copy of the filing there are several witnesses, including myself who saw him fill out the papers and heard him voice his intent that I receive the benefits of his life insurance policy. I don't know if "BG&E "misfiled the form or if it was lost in interoffice mail but I feel I should not be denied the claim when my husbands intent was very clear.

The divorce decree between my husband and his ex-wife (you have a copy) sets forth all that she is entitled to and it is clear that all other financial ties to that relationship were terminated. Based on that decree, I will be happy to consider enforcing the monetary obligations which were unfulfilled by my late husband should this claim be correctly paid to me.

When we were married, we made joint purchases including a home, vehicles etc. and now I have to fulfill all obligations we made together as well as shoulder all of the final funeral expenses, which clearly places <u>Insurable Interest</u> with me.

I feel this claim was improperly denied and am asking that you take the appropriate actions to correct this error.

Cordially,

Brenda V. Owens

## THE STATUTORY LIFE INSURANCE PROVISION REQUIRED BY MCL 552.101 CONTAINED IN A CONSENT JUDGMENT OF DIVORCE CONSTITUTES A VALID WAIVER OF A FORMER SPOUSE'S RIGHTS AS BENEFICIARY UNDER AN ERISA PLAN LIFE INSURANCE PROGRAM AND DOES NOT VIOLATE PREEMPTION PROVISIONS OF ERISA LAW By Judge Thomas E. Nelson

### ESTATE OF ROWLEY v. MAC INNES (Published #241649), January 8, 2004

Domestic Relations Review

Return to Calhoun County Courts Home Page

This case involves a contest over $95,000 of life insurance on Defendant's former wife. That insurance was part of the wife's employer's benefit program which was regulated by the Employee Retirement Income Security Act (ERISA). The parties were divorced in 1995. The wife died in 2000 without changing her ERISA plan life insurance beneficiary arrangement which named Defendant as that beneficiary. Following the former wife's death, her employer paid those monies to the employee's former husband. The wife's Estate sued to require those funds to be paid over to the Personal Representative of the wife's Estate.

The trial court ordered the former husband to pay the benefits to the Personal Representative. It held that the parties' consent judgment of divorce containing a provision releasing all rights of either party to the proceeds of any life insurance on the other waived the Defendant's right to the former wife's life insurance proceeds. The Court of Appeals affirmed that decision.

In his appeal, the Defendant (former husband) claimed that ERISA pre-empted the State law provisions of the parties divorce judgment which terminated the former beneficiary arrangements on life insurance of the divorcing parties. Since the deceased wife failed to change the beneficiary arrangement on the $95,000 policy, the husband maintained that ERISA law entitled him to those benefits. He also contended that ERISA preempted the provision of the parties' divorce judgment since that judgment was not a contract between the Defendant and his deceased wife.

In its analysis, the Court of Appeals considered the United States Supreme Court case of Egelhoff v. Egelhoff, 532 US 141 (2001) which appears to hold that such a life insurance provision in a divorce judgment is preempted by ERISA. That decision turns on the desire for uniform administration of ERISA benefits throughout the United States. The Court of Appeals distinguished Egelhoff from the case at bar. Our Court of Appeals agreed that the preemption doctrine appropriately would apply in most cases pitting a state divorce judgment rights against those under ERISA. However, here, the Court here concluded that the consent judgment constituted a waiver of Defendant non participant beneficiary's interest in the plan's life insurance of the former wife's life.

The Court further concluded that the consent judgment was in the nature of a contract and, as such, a valid waiver or relinquishment of his right to life insurance from policies owned by his former wife. Accordingly, Defendant was ordered to pay the life insurance proceeds plus interest over to the former wife's Estate.

Top of Page

Domestic Relations Review

Return to Calhoun County Courts Home Page

# MetLife®

Metropolitan Life Insurance Company
Group Life Claims
P.O. Box 3016
Utica, NY 13504

October 13, 2005

Brenda V. Johnson
2813 Granite Road W.
Woodstock, MD 21163

RE: Insured: Arthur J. Johnson
    Group No.: 94772
    Claim No.: 20510001235

Dear Mrs. Johnson:

We have evaluated your claim for Group Life Insurance. For the reasons detailed below, please be advised that we must deny your claim.

The McDermott Corporation Group Plan (the "Plan") is an employee welfare benefit plan regulated by federal law, specifically the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001-1461. MetLife, as claims administrator, must administer claims in accordance with the documents and instruments governing the Plan, and in accordance with ERISA.

As fiduciary of this Plan, MetLife has an obligation to pay the proceeds of this Plan in accordance with the designation made by the plan participant. We have a beneficiary designation on file completed by the plan participant dated November 8, 1987 naming someone other than you as beneficiary.

Therefore, based on the record before MetLife, we are, at this time, denying your claim.

Under ERISA, you have the right to appeal this decision within (60) days after the receipt of this letter. To do so, you must submit a written request for appeal to MetLife at the address above. Please include in your appeal letter the reason(s) you believe the claim was improperly denied, and submit any additional comments, documents, records or other information relating to your claim that you deem appropriate to enable MetLife to give your appeal proper consideration. Upon your written request, MetLife will provide you with a copy of the records and/or reports that are relevant to your claim.

MetLife will carefully evaluate all the information and advise you of its decision within sixty (60) days after the receipt of your appeal. If there are special circumstances requiring additional time to complete the review, we may take up to an additional sixty (60) days, but only after notifying you of the special circumstances in writing. In the event your appeal is denied in whole or in part, you have the right to bring a civil action under Section 502(a) of ERISA.

If you have any questions or wish to discuss your claim, you may contact us at the toll-free number provided below.

Sincerely

Andrea Espinosa
Claim Examiner
Group Life Claims
1-800-638-6420 ext: 6833

gli129rev.0001

Further, paragraph number 7, which addresses pension benefits and not life insurance/welfare benefits, states, in part, that the decedent

> Has a retirement plan through his employer – Baltimore Gas & Electric Company/Constellation Energy Group. The parties agree that there shall be a Qualifying Court Order through which Lillian Johnson shall receive one-half of the marital property share of those benefits on an "if, as and when" basis.

There are no records indicating that the decedent executed a new beneficiary designation after his divorce.

After the decedent's death, your client claimed the Plan benefits on the basis that it was never the decedent's intent to leave his ex-wife as the beneficiary of the Plan benefits. MetLife denied your client's claim on the basis that she was not the named beneficiary of record in accordance with the terms of the Plan.

By letter dated October 24, 2005, your client appealed, stating that the decedent did file change of beneficiary papers, which must have been misplaced. She further asserted that the decedent's intent was clear, that his ex-wife was not to receive the full Plan benefits, as evidenced by the terms of their divorce decree. She also stated that *Boggs v. Boggs*, 520 U.S. 833 (1997), and *MacInnes v. MacInnes*, 677 N.W.2d 889 (Mich. Ct. App. 2004), supported her position. Thereafter, in further support of her claim, Phillip Corey Levin, Esq., her prior attorney, submitted an affidavit, executed by Ms. Johnson, in which she stated, in part, that she "executed and was authorized by Arthur Johnson to be his beneficiary" and that the decedent's ex-wife "was no longer his intended beneficiary by divorce decree or by documents Ms. Johnson signed succeeding Lillian Johnson." Your client, however, does not have copies of the purported beneficiary change documents.

In *Phoenix Mutual Life Ins. Co. v. Adams*, 30 F.3d 554 (4th Cir. 1994), the Fourth Circuit Court of Appeals, which has federal jurisdiction over Maryland, the relevant state in this matter, acknowledged the obligation of an ERISA administrator to determine a beneficiary in accordance with ERISA and the terms of the plan. But the Fourth Circuit's analysis did not stop there. In affirming the district court's decision, it recognized that a participant could substantially comply with a change of beneficiary provision in an ERISA life insurance plan. The Fourth Circuit, quoting the district court, stated that a participant does so when he or she

> "(1) evidences his or her intent to make the change and (2) attempts to effectuate the change by undertaking positive action which is for all practical purposes similar to the action required by the change of beneficiary provisions of the policy."

*Id.* at 564 (quoting *Phoenix Mutual Life Ins. Co. v. Adams*, 828 F. Supp. 379, 388 (D. S.C. 1993).

Here, however, except for your client's self-serving affidavit, there is no evidence that the decedent ever sought to take any positive actions to change his November 8, 1987 designation. In reviewing your client's request, we double-checked with Constellation Energy to see if it had any beneficiary designations for the decedent other than the November 8, 1987 one. Constellation Energy confirmed that it had only the November 8, 1987 beneficiary form on file. Consequently, under ERISA, MetLife must pay the Plan benefits according to that designation.

While your client raises *Boggs v. Boggs*, and *MacInnes v. MacInnes*, these two cases do not support her position. Indeed, *Boggs* contradicts her position. In *Boggs*, the United States Supreme Court held that Louisiana community property law and succession laws were preempted because they conflicted with the terms of ERISA that addressed distribution of plan benefits. Consistent with *Boggs*, the decedent's designated beneficiary is entitled to the Plan benefits.

Further, *MacInnes* is not applicable to the matter at hand. *MacInnes* addresses whether a designated beneficiary may waive his or her rights to ERISA-regulated plan benefits in a divorce decree. To the extent a waiver issue were present here, *Estate of Altobelli v. IBM*, 77 F.3d 78 (4th Cir. 1996) would control. In *Altobelli*, the Fourth Circuit recognized that a designated beneficiary may waive his or her rights to ERISA-regulated plan benefits in a divorce agreement, but only when the waiver is specific to those benefits. Here, the divorce decree contains no specific

gli129rev.0003

waiver language as to the Plan benefits. Accordingly, a waiver by the ex-wife to the Plan benefits cannot be inferred from paragraphs 5 and 7 of the divorce decree. *See, e.g., Estate of Altobelli v. IBM*, 849 F. Supp. 1079 (D. Md. 1994) *aff'd*, 77 F.3d 78 (4th Cir. 1996), (finding no waiver of life insurance benefits but waiver of pension benefits).

Consequently, for the reasons stated above, we must uphold the denial of your client's claim.

You are entitled to receive, upon your request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claim for benefits. You have the right to bring a civil action under Section 502(a) of ERISA, 29 U.S.C. § 1132(a).

If you have any questions or wish to discuss your client's claim, you may contact the undersigned at the toll-free number provided below.

Sincerely,

*Felicia Salvatore*

Felicia Salvatore
Senior Claim Examiner
Group Life Claims
315-792-7016

gli129rev.0003

applies to the Dependent, the amount of the policy will not be more than the amount of Dependent Life Insurance Benefits on that Dependent on the date the Dependent Life Insurance Benefits end.

### C. If the Dependent Dies During the Application Period

If the Dependent dies during the Application Period, we will pay a death benefit. The payment of the death benefit will be in the same manner as if the Dependent Life Insurance Benefits on that Dependent had been in effect on the date of that Dependent's death. The amount of the death benefit will be the highest amount of life insurance, pursuant to item B(4) or B(5) for which a personal policy could have been issued. This death benefit will be paid even if the Dependent did not apply for a personal policy.

Form G.23000-7A

---

## BENEFICIARY

---

### A. Your Beneficiary

The "Beneficiary" is the person or persons you choose to receive any benefit payable because of your death.

You make your choice in writing on a form approved by us. This form must be filed with the records for This Plan.

You may change the Beneficiary at any time by filing a new form with the Employer. You do not need the consent of the Beneficiary to make a change. When the Employer receives a form changing the Beneficiary, the change will take effect as of the date you signed it. The change of Beneficiary will take effect even if you are not alive when it is received.

A change of Beneficiary will not apply to any payment made by us prior to the date the form was received by the Employer.

Your choice of a Beneficiary for a personal policy issued under

26

MetLife

Oneida County Industrial Park
P.O. Box 3016, Utica, NY 13504-3016

10 K-FARM 10007

LEWIS & MORE
RECEIVED
DEC 29 2005

Index No. 600008/06    Year 20____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

BRENDA OWENS JOHNSON,

                Plaintiff,

-against-

METROPOLITAN LIFE INSURANCE COMPANY, CONSTELLATION ENERGY and LILLIAN JOHNSON,

                Defendants.

---

ORDER TO SHOW CAUSE

---

LEWIS & FIORE, ESQS.
*Attorney(s) for* Plaintiff, BRENDA OWENS JOHNSON

Office Address & Tel. No.:
225 Broadway, Suite 3300
New York, New York 10007
(212) 285-2290

---

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: ................    Signature: ................

Print Signer's Name: ................

---

Service of a copy of the within ................................................ is hereby admitted.

Dated:

Attorney(s) for

---

**PLEASE TAKE NOTICE**

☐ NOTICE OF ENTRY — that the within is a (certified) true copy of a ................ entered in the office of the clerk of the within named Court on ................ 20

☐ NOTICE OF SETTLEMENT — that an Order of which the within is a true copy will be presented for settlement to the Hon. ................ one of the judges of the within named Court, at ................ on ................ 20 ____ at ____ M.

Dated:

Attorney(s) for